UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRONE DAVIS SMITH,

                Petitioner,

v.                                                   Case No. 24-cv-988-bhl

STEVEN JOHNSON and JEREMY GLOUDEMANS,

                Respondents.

## SCREENING ORDER

On August 5, 2024, Tyrone Davis Smith, a state prisoner currently incarcerated at the Milwaukee Secure Detention Facility, filed what he labeled a "Petition For A Common Law Writ Pursuant to 28 U.S.C. § 2241." (ECF No. 1.) Smith paid the $5.00 filing fee the same day and his petition is ready for screening.

### SCREENING THE PETITION

Rule 4 of the Rules Governing Section 2254 Cases provides for the screening of habeas petitions.[1] The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

### PETITIONER'S ALLEGATIONS

In the case caption, Smith indicates that his petition is brought by the State of Wisconsin on behalf of Smith, "his limited liability company: Justice 4 The People Legal Technician & Legal

---

[1] Smith filed his petition under Section 2241, but Rule 1(b) of the Rules Governing Section 2254 Cases authorizes the Court to apply those rules to Section 2241 petitions as well.

Research Firm," and inmates of the Restrictive Housing Unit of the Milwaukee Secure Detention Facility against Respondents Steven Johnson and Jeremy Gloudemans, the Warden of the Milwaukee Secure Detention Facility and Captain of the Restrictive Housing Unit, respectively. (*Id.* at 1.) In the body of the petition, Smith alleges that the Restrictive Housing Unit "is not being operated sufficiently and accordingly to [Division of Adult Institutions] and [Wisconsin Prison System] rules." (*Id.* at 4.) Smith alleges eighteen "violations" by the Respondents along with additional complaints in the "Background" and "Statement" portions of his petition. (*Id.* at 4–8.) On August 21, 2024, Smith filed a motion to amend his complaint and add three additional similar alleged violations. (ECF No. 3.) Smith asks the Court to "involve itself for and as a friend to the petitioners" and "order . . . respondents to answer to claims of ill-operation of [the] facility." (*Id.* at 9.)

## ANALYSIS

Smith's allegations are not appropriate for adjudication through a habeas petition. While Smith invokes Section 2241, that statute applies to a state prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Smith does not allege that he is in custody in violation of the Constitution or any federal law. He challenges only the conditions of his confinement in a manner wholly unrelated to the duration of his punishment. This makes habeas inappropriate. *See Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011) ("When there isn't even an indirect effect on duration of punishment . . . habeas corpus is not a permissible route for challenging prison conditions.") (citing *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003)). Moreover, Smith does not allege that the conditions of his confinement violate his federal or constitutional rights. He complains only that the Restrictive Housing Unit is not being run in accordance with state rules and regulations. Questions of state law are also not appropriate for federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Accordingly, Smith's petition does not assert any claims appropriate for federal habeas review and will be dismissed without prejudice.

## CONCLUSION

**IT IS HEREBY ORDERED** that Tyrone Davis Smith's petition pursuant to 28 U.S.C. § 2241, ECF No. 1, is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Smith's motion to amend, ECF No. 3, is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing of the denial of a constitutional right and that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 29, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge